UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BALCH & BINGHAM LLP, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) File No. _____ <br> SPECIALIZED LOAN SERVICING, ) <br> LLC, ) <br> ) <br> Defendant. ) <br> ) | |

## COMPLAINT

COMES NOW Plaintiff Balch & Bingham LLP ("Balch & Bingham") and files its Complaint as follows:

### PARTIES, JURISDICTION, AND VENUE

1.

Balch & Bingham is an Alabama limited liability partnership properly qualified to do business in the State of Georgia, Fulton County. Balch & Bingham has an office and conducts business in Fulton County at 30 Ivan Allen Boulevard, NW, Suite 700, Atlanta, Georgia 30308. All limited liability partners of Balch & Bingham are residents of Georgia, Alabama or Mississippi.  None residents of Illinois or Delaware.

2.

Defendant Specialized Loan Servicing, LLC ("Defendant") is SLS is a foreign limited liability company and is therefore a citizen of all states of which its members are citizens. SLS is a wholly-owned subsidiary of its sole member, Specialized Loan Servicing Holdings LLC. Specialized Loan Servicing Holdings LLC is a wholly-owned subsidiary of Computershare Mortgage Services LLC Computer Share Mortgage Services LLC is a wholly-owned subsidiary of its sole member Computershare US Investments LLC. Computershare U.S. Investments LLC is a wholly-owned subsidiary of its sole member Computer Share Holdings, Inc. Computer Share Holdings, Inc. is incorporated in Delaware and maintains its principal place of business in Illinois and is thus a citizen of Delaware and Illinois. Thus SLS is a citizen of Illinois and Delaware. SLS may be served with process through its registered agent, Capital Corporate Services, Inc., at 3675 Crestwood Pkwy, NW, Suite 350, Duluth, Georgia 30096.

3.

SLS is subject to the personal jurisdiction of this Court as Defendant conducts business within the state of Georgia, contracted for services with Balch &

235174.1                                   2

Bingham for the performance of those services in Atlanta, Georgia (as well as other jurisdictions).

4.

The Court has original subject matter jurisdiction in this Court pursuant to 28 U.S.C. § 1332 as the amount in controversy in this matter exceeds $75,000.00, the parties are citizens of different States.  Venue is proper in this court pursuant to 28 U.S.C. § 1391(b)(2).

**Factual Background**

5.

In 2016, SLS retained Balch & Bingham as counsel for Defendant in a number of matters in Georgia, Alabama and Mississippi.

6.

Balch & Bingham performed the agreed services, with the full knowledge and approval of SLS. Yet SLS has failed to pay numerous invoices for those services totaling $300,900.39 as of May 19, 2017 as well as expert expenses totaling $26,707.34 as of that date.

7.

Balch & Bingham attempted to resolve this payment dispute on numerous occasions, both orally and in writing.  Despite promises that the invoices would be

processed, SLS never paid them. SLS further refused to engage in any substantive discussions regarding its refusal to pay. SLS has no legitimate basis to withhold payment, and as set forth below, has judicially admitted payments are owed.

8.

The bulk of the unpaid fees arose in two related matters entitled *Nancy Elliott v. Specialized Loan Servicing, LLC, et al.* Civil Action File No. 14CV1182DC (Superior Court of Cherokee County, Georgia) ("'the Elliot State Action") and *Nancy Elliott v. Specialized Loan Servicing LLC*, Civil Action File No. 1:16-CV-3574-TCB-JKL (N.D. Ga.) (removed form Gwinnett County Superior Court) ("the Elliott Federal Action."). The billed fees outstanding for these matters are $264,049.76 and the afore-mentioned expert expenses totaling $26,707.34 as of May 19, 2017.

9.

The other unpaid fees arose from lawsuits against SLS that were brought by Patricia Daniel, Cynthia Woods, Robert Elam, Maurice Earket, Greg Bailey and Joe Tubwell. Unpaid fees and expenses in these cases totaled $15,101.25, $606.66, $1,876.00, $2,178.30, $4,173.50, and $12,804.42 respectively as of July 28, 2017.

10.

On May 20, 2016, Balch & Bingham entered into an Engagement Agreement ("Agreement") with SLS related to the Elliott State Action. The Agreement is attached hereto as **Exhibit A**. Similar agreements were executed for some or all of these other Balch matters.  These Agreements obligated SLS to pay Balch & Bingham at the hourly rate of Balch & Bingham's lawyers and paralegals and to reimburse expenses.  SLS instructed Balch & Bingham to represent SLS in the Elliott Federal Action but a separate engagement though it said it wanted to consider this separate for its internal billing.

11.

As to the Elliott State Action, SLS was continuously apprised of the significant cost of the litigation relevant to the value of the litigation.  SLS was conspicuously aware of all depositions, discovery, motions, expert preparation, and other preparation that was being expended by Balch & Bingham in defense of SLS.  SLS approved and instructed these efforts.

12.

At SLS's instruction, Balch & Bingham zealously represented Defendant in the underlying action, taking more than ten depositions, resolving several discovery disputes, conducting two mediations, and filing various motions.

13.

Elliott's counsel in the Elliott State Action dismissed her claims against SLS without prejudice on November 29, 2016 at the close of discovery and while SLS was preparing to file another dispositive motion and on the verge of the dispositive motions hearing and trial.

14.

On December 22, 2016, at SLS's instruction, Balch & Bingham filed a motion to collect its attorney's fees and costs from the Plaintiff on the Defendant's behalf in the Elliott State Action. The Motion is attached hereto as **Exhibit B**. The fees and motion were approved by SLS.  In that motion SLS sought $210, 541.76 in attorneys' fees and expenses it had said was owed to Balch & Bingham.

15.

This judicial admission of the fees and expenses owed in the Elliott State action were affirmed by SLS after Balch & Bingham withdrew as SLS's counsel at

the April 12, 2017 hearing regarding SLS's motion for fees against Elliott and in pleadings filed by SLS in the Elliott Federal Action on April 13 and 19, 2017.

16.

Balch & Bingham expended time and effort in filing the fees motion in the Elliott State Action that were not paid by SLS.  Balch & Bingham further responded to and drafted pleadings in the re-filed Elliott Federal Action that SLS did not reimburse—though SLS instructed and approved those efforts.

17.

Balch & Bingham similarly performed work and incurred expenses for SLS on the other matters set forth in Paragraph 9 above.  SLS was aware of and approved this work.  Yet, like the *Elliott* matters, SLS has failed to paid for the time and expenses incurred in its favor.

18.

Non-payment was an ongoing issue that Balch & Bingham raised with SLS on numerous occasions.  SLS assured Balch & Bingham that it would be paid and that its bills would be processed.  Accordingly, in good faith, Balch & Bingham continued to expend continued time and effort on SLS's behalf based upon the representations that its invoices would be paid.  Balch & Bingham reasonably relied upon these representations in incurring the substantial fees at issue here.

19.

SLS continued to refer new cases to Balch & Bingham that Balch & Bingham in good faith took through and including March to April 2017. At that time, Balch & Bingham was forced to inform SLS that it would not be able to take any new matters from SLS because of the unpaid invoices.

20.

SLS continued to ignore Balch & Bingham's request to discuss payment of the invoices. At that time, Balch & Bingham was forced to notify SLS that it would be required to withdraw from pending matters it was handling for SLS. SLS did not respond.

21.

After proper notice, and on the eve of Balch & Bingham filing a withdrawal motion, Balch & Bingham was contacted by new counsel for SLS that it would substitute in for the Elliott Federal matter. Balch & Bingham has withdrawn or finalized all representations for SLS and has informed SLS that Balch & Bingham no longer represents SLS.

22.

On April 27, 2017, Balch & Bingham sent SLS a final demand letter advising SLS that Balch & Bingham had been forced to globally withdraw from its

representation of Defendant and would have to initiate legal action against Defendant to recover the owed fees and expenses.  The letter again offered to discuss the matter with SLS, but SLS never responded. The letter is attached hereto as **Exhibit C**.

23.

SLS has no good faith basis to oppose the fees and expenses requested in this litigation.  SLS has been afforded numerous opportunities to discuss the matter with Balch & Bingham and it has refused to do so.  Balch & Bingham has thus been forced to file this litigation in the face of SLS's bad faith and stubborn litigiousness.

24.

Defendant is liable to Balch & Bingham for its unpaid legal fees and costs, statutory interest on those fees and costs, as well as for the costs of collection of these outstanding fees and expenses, including attorney's fees, related expenses, and statutory interest.

## Count One: Breach of Contract

25.

Balch & Bingham hereby incorporates by reference the allegations contained in Paragraphs 1 through 24 of the Complaint as if each allegation were fully set forth herein.

26.

SLS breached its agreement with Balch & Bingham by failing to pay all amounts as and when due to Balch & Bingham including attorney's fees and expenses.

27.

SLS is liable to Balch & Bingham for its unpaid legal fees and costs, statutory interest on those fees and costs, as well as for the costs of collection of these outstanding fees and expenses, including attorney's fees, related expenses, and statutory interest from the date of the invoices sent.

## Count Two: Promissory Estoppel

28.

Balch & Bingham hereby incorporates by reference the allegations contained in Paragraphs 1 through 28 of the Complaint as if each allegation were fully set forth herein.

29.

SLS retained Balch & Bingham to represent SLS and promised to pay Balch & Bingham's fees and expenses. SLS was fully aware of the work Balch & Bingham was doing on SLS's behalf and accepted the benefits of that work. SLS further directed Balch & Bingham to act on SLS's behalf. SLS knowingly accepted these benefits from the work Balch & Bingham did.

30.

SLS should have, and did, reasonably expect its promise to induce Balch & Bingham to act and Balch & Bingham did act in reasonable reliance on SLS's promise. And Balch & Bingham satisfied its obligations to SLS by providing the agreed-upon legal services.

31.

Defendant breached its promise by failing to pay all amounts as and when due, including attorney's fees and expenses.

32.

Defendant made a promise which it should have reasonably expected would and did induce Balch & Bingham to act, Balch & Bingham's reliance on the promise was reasonable, and injustice can only be avoided by enforcement of the

promise. Balch & Bingham is therefore entitled to recover from Defendant pursuant to O.C.G.A. § 13-3-44(a).

### Count Three: Quantum Meruit

33.

Balch & Bingham hereby incorporates by reference the allegations contained in Paragraphs 1 through 32 of the Complaint as if each allegation were fully set forth herein.

34.

In the alternative to the preceding Counts, Balch & Bingham is entitled to recover its fees and expenses incurred for SLS pursuant to quantum Meruit.

### Count Four: Attorney's Fees

33.

Balch & Bingham hereby incorporates by reference the allegations contained in Paragraphs 1 through 34 of the Complaint as if each allegation were fully set forth herein.

As a result of SLS's refusal to pay without excuse, Balch & Bingham is entitled to the costs of litigation and attorney's fees pursuant to O.C.G.A. § 13-6-11 as SLS has acted in bad faith, been stubbornly litigious, and caused Balch & Bingham unnecessary trouble and expense by refusing to pay past due invoices

without justification or response to Balch & Bingham's numerous requests for payment and correspondence.

**WHEREFORE**, Balch & Bingham respectfully prays the following relief:

(a) That judgment be entered in favor of Balch & Bingham granting the relief sought in this Complaint in the amount of unpaid billed fees totally $300,789.89 as of May 19, 2017 as well as expert expenses totaling $26,707.34, and any other damages incurred by Balch & Bingham after this date along with any other relief this Court deems just and equitable;

(b) That Balch & Bingham be awarded attorney's fees and expenses incurred in bringing this action, and;

(c) That Balch & Bingham be awarded such other and further relief as this Court deems just and proper.

## **Demand for Jury Trial**

Plaintiff requests a trial by jury on all issues so triable.

Respectfully submitted this 28th day of July, 2017.

                                  **/s/ Christopher S. Anulewicz**
                                  Christopher S. Anulewicz
                                  Georgia Bar No. 020914
                                  **BALCH & BINGHAM LLP**
                                  30 Ivan Allen Jr, Blvd
                                  Suite 700
                                  Atlanta, Georgia 30308
                                  Phone: 404-261-6020
                                  canulewicz@balch.com

                                  *Attorney for Plaintiff*